IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**FRANKLIN SHAYNE SHAMBLEN,**

    **Plaintiff,**

v.                                               Case No. 2:14-cv-24610

**CHASE FRAGALE, et al,,**

    **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court are the plaintiff's Letter-Form Motion for Ruling on Case and for Costs (ECF No. 32) and the defendants' initial Motions to Dismiss (ECF Nos. 33 and 35). This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### PROCEDURAL HISTORY

Because the plaintiff paid the $400 filing fee when he filed this civil action, he is not proceeding *in forma pauperis* and, thus, the court had no legal obligation to assist him with service of process. Nonetheless, on November 25, 2014, the plaintiff filed a motion requesting that the court order the Clerk of Court to perform service of process on his behalf, which the undersigned ultimately granted on April 1, 2015. In accordance with Rule 4(e)(1) of the Federal Rules of Civil Procedure, and incorporating Rule 4(d)(1)(D) of the West Virginia Rules of Civil Procedure, the undersigned further ordered that the summonses be served by the Clerk of Court by certified mail, return receipt requested and

with delivery restricted to the addressee. The summonses were issued and service was attempted in that manner. However, due to no fault of the plaintiff, or the court, the restricted delivery instruction was ignored and the summones were signed for by persons other than the restricted addressee. The defendants thereafter failed to file any sort of responsive pleading.

Thus, on October 31, 2016, the undersigned quashed the first set of summonses and ordered that new summonses be issued and served in the same manner. Unfortunately, when the second set of summonses were served, the Clerk's Office neglected to check the restricted delivery box and, again, the summonses were signed for by someone other than the intended recipient.

On January 11, 2017, the Clerk's Office received a letter from the plaintiff, which has been docketed as a Letter-Form Motion for Ruling on Case and for Costs (ECF No. 32). The Letter-Form Motion essentially seeks a default or summary judgment because the defendants had not responded to the Complaint.

Ultimately, on January 18, 2017, the defendants, by their respective counsel, filed Motions to Dismiss (ECF Nos. 33 and 35) arguing insufficient service of process and failure to serve the Complaint within the time period allotted by Rule 4(m) of the Federal Rules of Civil Procedure. The plaintiff subsequently filed an Objection/Response to the Motions to Dismiss (ECF No. 37), asserting that the person who signed for the certified mail should be considered an agent of the defendants and that service should be considered to have been properly perfected. Defendants McDonald, Simonton, Gordon, Butcher, Matson and Thomas filed a Reply disputing the plaintiff's argument and asserting that he had not overcome the merits of their argument that service had not been performed in accordance with the Federal Rules of Civil Procedure. (ECF No. 38).

On April 18, 2017, the undersigned conducted a status conference with the parties during which the issues concerning service of process were addressed and it was subsequently determined that counsel could accept service of process on behalf of each of the defendants, or that service of process would be waived. Consequently, the defendants have now filed new Motions to Dismiss (ECF Nos. 56 and 59), which challenge the court's subject matter jurisdiction and further assert that the Complaint otherwise fails to state a claim upon which relief can be granted against any of the defendants. However, the new motions are not yet ripe for adjudication.

## **ANALYSIS**

Rule 12(b)(5) of the Federal Rules of Civil Procedure provides for the dismissal of a civil action for insufficient service of process. Fed. R. Civ. P. 12(b)(5). Furthermore, at the time that the plaintiff's Complaint was filed, Rule 4(m) of the Federal Rules of Civil Procedure stated as follows:

> Time Limit for Service - If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added).[1] The United States Court of Appeals for the Fourth Circuit has interpreted Rule 4(m) to require dismissal of a complaint that has not been served upon a defendant within the Rule 4(m) period, absent a showing of good cause. *Mendez v. Elliot*, 45 F.3d 75, 78 (4th Cir. 1995). The defendants' initial motions challenge

---

[1] Effective December 1, 2015, the period for service under Rule 4(m) was reduced from 120 to 90 days.

the service of process in this matter and move for dismissal of the Complaint under both of these rules.

However, in light of the resolution of the issues concerning service of process, and the filing of the new Motions to Dismiss, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff should not be held responsible for the deficiencies in service of process and that the initial Motions to Dismiss filed by the defendants (ECF Nos. 33 and 35) should be denied without prejudice.  Furthermore, in light of the earlier issues with service of process, the undersigned proposes that the presiding District Judge **FIND** that, at the time the plaintiff filed his Letter-Form Motion for Ruling on Case and for Costs, service had not been properly perfected and the defendants were not in default and had no duty to respond to the Complaint.  Accordingly, the plaintiff's Letter-Form Motion for Ruling on Case and for Costs (ECF No. 32) was premature and unwarranted.

## RECOMMENDATION

For the reasons stated herein, the undersigned proposes that the presiding District Judge **DENY** the plaintiff's Letter-Form Motion for Ruling on Case and for Costs (ECF No. 32) and the defendant's initial Motions to Dismiss Complaint (ECF Nos. 33 and 35), without prejudice, and leave this matter referred to the undersigned United States Magistrate Judge for further proceedings.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the

Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

June 14, 2017

Dwane L. Tinsley
United States Magistrate Judge