IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

FRANKLIN SHAYNE SHAMBLEN,

          Plaintiff,

v.                        CIVIL ACTION NO.  2:14-cv-24610

CHASE FRAGALE, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are two sets of motions. Plaintiff Franklin Shayne Shamblen's ("Plaintiff") Letter-Form Motion for Ruling on Case and for Costs (ECF No. 32), Defendant Chase Fragale's Motion to Dismiss (ECF No. 33), and Defendants Keith Butcher, Paul Gordon, Russell Matson, Gary McDonald, Aaron Simonton, and Ann Thomas's Motion to Dismiss (ECF No. 35) all turn on issues related to proper service of process. A second set of Motions to Dismiss from Defendant Fragale (ECF No. 59) and Defendants Butcher, Gordon, Matson, McDonald, Simonton, and Thomas (ECF No. 56) seek dismissal for lack of subject matter jurisdiction and failure to state a claim. By Standing Order entered May 7, 2014, and filed in this case on August 13, 2014, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation (PF&R). Magistrate Judge Tinsley entered his PF&R (ECF No. 66) addressing the motions based on service of process on June 14, 2017, recommending that this Court deny Plaintiff's Letter-Form Motion for Ruling on Case and for Costs (ECF No. 32) and the initial Motions to Dismiss (ECF Nos. 33 and 35). Magistrate Judge Tinsley entered

his PF&R (ECF No. 70) addressing the second set of motions on July 13, 2017, recommending that this Court grant both Motions to Dismiss (ECF Nos. 56 and 59) and dismiss this matter from the docket of the Court.

## I. BACKGROUND

This action stems from a disciplinary procedure instituted against Plaintiff while he was an inmate at the Parkersburg Correctional Center. (ECF No. 1 at 3.) According to the Complaint, on April 29, 2014, Plaintiff was selected for a random urinalysis screening for drugs and intoxicants. (ECF No. 1 at 3.) At the time, the West Virginia Division of Corrections used a two-step system: a sample would be field tested, and if the results were positive or inconclusive, it would be sent on for "analytical/confirmation testing." (ECF No. 1 at 4.) Plaintiff's sample tested negative, but Defendant Fragale, who conducted the test, recorded the results as inconclusive and sent the sample for the confirmation testing anyway. (ECF No. 1 at 4-5.) Those results also came back negative, but Defendant Fragale charged Plaintiff with a rule violation for possession of drugs and intoxicants anyway. (ECF No. 1 at 5.) Plaintiff alleges that the remaining defendants knew of the improper infraction report and either affirmed the decision or failed to remedy it. (ECF No. 1 at 6-7.) The facts of the case are more fully stated in the July 13, 2017, PF&R (ECF No. 70).

## II. LEGAL STANDARD

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this

Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections to the first PF&R (ECF No. 66) in this case were due on July 3, 2017. To date, no objections have been filed.[1] Objections to the second PF&R (ECF No. 70) in this case were due on July 31, 2017. Plaintiff filed timely Objections (ECF No. 71) on July 21, 2017.

### III. DISCUSSION

Plaintiff raises four objections to the July PF&R, addressing whether his claims were raised against the Defendants in their individual or official capacities, the application of the Eleventh Amendment as a bar to his suit, whether the Complaint sufficiently stated a due process claim, and the application of qualified immunity.[2]

*A. Individual or Official Capacity Claims*

Plaintiff's first objection takes issue with the PF&R's categorization of his claims, with regard to whether he intended to raise them against the Defendants in their individual or official capacities. Plaintiff asserts that "whether the defendant[s] were sued in their individual or official capacities is obvious." (ECF No. 71 at 1.) The Court notes that the PF&R addresses Plaintiff's claims against the Defendants in their individual and official capacities. (ECF No. 70 at 9.)

---

[1] Plaintiff filed a "Reply" (ECF No. 69) to the PF&R, which primarily expresses agreement with the conclusions of the PF&R. The Reply also purports to object to Magistrate Judge Tinsley's continued handling of the case, expressing a preference for an arbitrator instead. The Court finds that this does not address the substance of the PF&R and declines to construe it as an objection. Additionally, without commenting on the propriety or merit of the request, the Court finds that it is moot in light of the disposition of this case herein.

[2] The Objections also include a "Conclusion" section that purports to object to certain service of process issues and Defendants' use of counsel. These objections due not address the PF&R and thus will not be evaluated in detail.

3

Thus, regardless of Plaintiff's intent and whether such intent was apparent, his claims have been addressed as he intended, and he has not been prejudiced by having them construed both ways. Accordingly, Plaintiff's first objection is overruled.

*B. Eleventh Amendment*

Plaintiff's second objection apparently challenges the PF&R's finding that, to the extent the Complaint raises claims for monetary damages against the Defendants in their official capacities, those claims are barred by the Eleventh Amendment to the United States Constitution's prohibition of suits against a state by a citizen of that state or another state. *Kentucky v. Graham*, 473 U.S. 159, 169, 105 S. Ct. 3099, 3107, 87 L. Ed. 2d 114 (1985). Plaintiff's objection asserts that he is "a ward of the state/property of the state in which the defendants are paid employee(s) required to serve [and] protect not committ [sic] criminal offen[s]es against." (ECF No. 71 at 1.) To the extent this can be interpreted to state an objection to the PF&R, the Court construes this to be asserting that there is an exception to Eleventh Amendment immunity for suits brought by prisoners against state defendants.

The United States Supreme Court has specifically held that 42 U.S.C. § 1983 was not intended to abrogate the Eleventh Amendment Immunity of the states. *See Quern v. Jordan*, 440 U.S. 332, 344-45 (1979). Nor is there any specific exception to this immunity for claims by a state prisoner against state officials; indeed, state prisoners' claims for monetary damages are commonly dismissed as barred by Eleventh Amendment immunity. *See, e.g.*, *Clark v. Maryland Dep't of Pub. Safety & Corr. Servs.*, 316 F. App'x 279, 282 (4th Cir. 2009) (recognizing that defendant prison administrators were immune to prisoner's suit to the extent it raised claims against them in their official capacities); *Curtis v. Close*, No. 2:14-CV-24624, 2016 WL 889012,

at *4 (S.D. W. Va. Feb. 11, 2016), *report and recommendation adopted,* No. 2:14-CV-24624, 2016 WL 890582 (S.D. W. Va. Mar. 8, 2016); *Gilmore v. Bostic*, 659 F. Supp. 2d 755, 764 (S.D. W. Va. 2009). Accordingly, Plaintiff's second objection is meritless.

*C. Due Process*

Plaintiff's third objection challenges the PF&R's finding that the Complaint fails to state a claim for a violation of his Fourteenth Amendment Due Process Rights. The PF&R reviewed the disciplinary measures Plaintiff allegedly faced as the result of Defendant Fragale's infraction report, and determined that the Complaint had not alleged a deprivation of Plaintiff's life, property, or liberty interest as necessary to state a due process claim. *See Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997). Plaintiff's objection asserts that the "due process of the petitioner was violated upon the denial of release from prison due to the fabricated rule violation of Chase Fragale."[3] (ECF No. 71 at 1-2.)

While it follows logically that a prisoner entitled to be released from custody would suffer a deprivation of his liberty interest if such release was not effected, it is unnecessary to analyze this hypothetical scenario. The Complaint does not allege that Plaintiff was or should have been entitled to release as a result of any errors in his disciplinary proceedings.[4] Accordingly, Plaintiff's third objection is meritless.

---

[3] This objection also characterizes the acts of Defendant Fragale as criminal and implies guilt on those Defendants who had knowledge of his acts but did not remedy them. These statements do not challenge the PF&R's finding that Plaintiff was not deprived of life, liberty, or property, and thus have no impact on the conclusion that the Complaint fails to state a due process claim.

[4] Even if Plaintiff had made such an allegation, he would have needed to properly allege a violation of some other constitutional right. The Supreme Court of Appeals of West Virginia has recognized that unconditional release could be a proper remedy for prisoners who have suffered constitutional violations. *See Harrah v. Leverette*, 271 S.E.2d 322, 332-33 (W. Va. 1980) (noting that "[o]ur prison administrators must understand that abuse of the constitutional rights of prisoners may result in release of the victims" but stating a "great reluctance" to order such a remedy); *see also Crain v. Bordenkircher*, 454 S.E.2d 108, 114 (W. Va. 1994) (recognizing the possibility of release as a remedy for prisoners suffering conditions that amounted to cruel and unusual punishment). However, since Plaintiff has not

*D. Qualified Immunity*

Plaintiff's fourth objection challenges the PF&R's finding that all of the Defendants are entitled to qualified immunity on Plaintiff's claims against them.[5] As noted in the PF&R, the following *Saucier* test is used to determine whether a government official is entitled to qualified immunity on constitutional claims : (1) whether the facts alleged or shown, taken in the light most favorable to the plaintiff, establish that the official's actions violated a constitutional right; and (2) whether that right was clearly established such that a reasonable person would have known their conduct was unlawful. *See Meyers v. Baltimore Cty., Md.*, 713 F.3d 723, 731 (4th Cir. 2013) (citing *Saucier v. Katz*, 533 U.S. 194 (2001)). The PF&R determined that the Complaint did not allege sufficient facts to state a claim for any constitutional violations, and Plaintiff does not address this finding in his objection. Accordingly, this objection does not address the qualified immunity analysis with respect to Plaintiff's constitutional claims.

The PF&R also found that the Defendants were entitled to qualified immunity on Plaintiff's state law claims, which it construed as negligence claims. In West Virginia, state officials and employees are entitled to qualified immunity on their "acts or omissions" in the performance of "discretionary functions," unless "the plaintiff has demonstrated that such acts or omissions are in violation of clearly established statutory or constitutional rights or laws of which a reasonable person would have known or are otherwise fraudulent, malicious, or oppressive." Syl. Pt. 11, *W.*

---

otherwise challenged the PF&R's determination that the allegations in the Complaint do not state a claim under the Fourteenth or Eighth Amendments, he has not stated a prior constitutional violation that could have entitled him to a right to release. Accordingly, even if the Complaint alleged Plaintiff was entitled to release, this allegation could not be the basis for a due process claim unless it also alleged a prior constitutional deprivation giving rise to that right to release.

[5] It is unclear from the objection whether Plaintiff objects to the PF&R's analysis of qualified immunity on Plaintiff's constitutional claims or his state law negligence claims. Accordingly, the Court will address his objection as it relates to each.

*Va. Reg'l Jail & Corr. Facility Auth. v. A.B.*, 766 S.E.2d 751 (W. Va. 2014). Qualified immunity thus bars mere negligence claims against public officers acting in the scope of their employment. *See* Syl. Pt. 4, *Clark v. Dunn*, 465 S.E.2d 374 (W. Va. 1995). Plaintiff does not object to the PF&R's qualified immunity analysis to the extent it construes Plaintiff's state law claims as negligence claims. Rather, in this objection Plaintiff states his belief that the Defendants committed a criminal act by filing and upholding the falsified infraction. Plaintiff argues that, because Defendants violated a criminal statute, their acts were fraudulent, malicious, or oppressive and in violation of statutory or constitutional rights of which they should have known.

However, it is unclear from the Complaint or the Objections which statute Plaintiff believes the Defendants violated.[6] Because the Court cannot determine which statute Defendants allegedly violated and thus evaluate whether such statute gives rise to civil liability,[7] the Court cannot find that the PF&R's determination with regard to qualified immunity is incorrect.[8] Accordingly, Plaintiff's fourth objection is meritless.

---

[6] Plaintiff asserts several times throughout the objections that Defendant Fragale violated a West Virginia Statute by filing the infraction report. He refers to the alleged offense as "Falsification of a Book of Record." (ECF No. 71 at 2.) In one instance the objections cite to the West Virginia Code, but no specific section is referenced. The Court cannot determine with certainty which section Plaintiff was attempting to cite, but the Objections suggest that it is a criminal, rather than civil provision.

[7] This Court has recognized that a West Virginia criminal statute can give rise to private cause of action. *See Parkins-White v. World's Foremost Bank*, No. CIV.A. 2:10-CV-00137, 2010 WL 1404384, at *3 (S.D. W. Va. Mar. 31, 2010). The West Virginia Supreme Court of Appeals has provided a test to determine if a statute provides an implied private cause of action:

> (1) the plaintiff must be a member of the class for whose benefit the statute was enacted; (2) consideration must be given to legislative intent, express or implied, to determine whether a private cause of action was intended; (3) an analysis must be made of whether a private cause of action is consistent with the underlying purposes of the legislative scheme; and (4) such private cause of action must not intrude into an area delegated exclusively to the federal government.

Syl. Pt. 1, *Hurley v. Allied Chem. Corp.*, 164 W. Va. 268, 268, 262 S.E.2d 757, 758 (1980). Without knowing which statute the Defendants allegedly violated, the Court cannot undertake this analysis.

[8] Notably, this objection does not challenge the PF&R's finding that Plaintiff could not demonstrate injury. Additionally, because all of Plaintiff's claims that would have raised federal question jurisdiction are subject to

*IV.  CONCLUSION*

Accordingly, the Court **ADOPTS** the first PF&R (ECF No. 66) and **DENIES** Plaintiff's Letter-Form Motion for Ruling on Case and for Costs (ECF No. 32) and the Defendants' initial Motions to Dismiss (ECF Nos. 33 and 35).  The Court also **OVERRULES** the Objections (ECF No. 71), **ADOPTS** the second PF&R (ECF No. 70), **GRANTS** the second set of Motions to Dismiss (ECF Nos. 56 and 59), **DISMISSES** this matter, and **ORDERS** that this action be removed from the docket of the Court.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 7, 2017

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

dismissal and there is no diversity jurisdiction in this matter, this Court could only exercise jurisdiction over a state law claim through the discretionary exercise of supplemental jurisdiction.  28 U.S.C. § 1367(c).  To the extent Plaintiff has stated a state law claim on which the Defendants are not entitled to qualified immunity, the Court declines to exercise jurisdiction over that claim.